TORKELSON, et al, Appellants, v. BRANDON SAVINGS BANK, et al, Respondents.

(221 N. W. 371.)

(File No. 6119. Opinion filed October 6, 1928.)

*Lyon, Bradford & Grigsby,* of Sioux Falls, for Appellants.
*Waggoner & Stordahl,* of Sioux Falls, for Respondents.

BROWN, J. Plaintiff Anna Torkelson and her children, the plaintiffs Olaf, Alma, Andrew, and Ivor, owned the SE¼ 1-101-48; Anna owning an undivided one-third and each of the children an undivided one-sixth. Prior to September 26, 1922, Olaf had deeded his interest to his wife, Blanche, and on that date they gave a mortgage on the undivided one-sixth to Brandon Savings Bank for $4,000, and about the 4th of October in that year the Minnehaha County Bank obtained judgment against Olaf for $3,290. The Minnehaha County Bank had instituted proceedings supplementary to execution on the judgment against Olaf, when a conference was held between Elmer Hetland, cashier of that bank,

L. D. Kepple, president of Brandon Savings Bank, and the plaintiffs, as a result of which Brandon Savings Bank, on whose mortgage there was due no more than $2,200, agreed to accept $2,000 in satisfaction of the mortgage, and Minnehaha County Bank agreed to accept $3,000 in satisfaction of its judgment. Olaf and wife were to deed their one-sixth free of incumbrance to the other plaintiffs, who were to raise the $5,000 to pay the banks by a mortgage on the entire quarter.

In the course of the transaction the banks procured from plaintiffs a note for $2,000 to Brandon Savings Bank and one for $3,000 to the Minnehaha County Bank, both payable on demand, with a mortgage on the entire quarter securing these two notes, and also took from them an application to the Northwestern Life Insurance Company for a loan of $5,000. Because Ivor was a minor, the application was rejected and no loan was secured. Brandon Savings Bank refused to satisfy the $4,000 mortgage, Minnehaha County Bank refused to satisfy its judgment, and both banks refused to return the $2,000 and $3,000 notes or release the mortgage on the entire quarter, securing these notes, and plaintiffs bring this action for the cancellation of the notes and the mortgage securing them.

The trial court gave judgment in favor of defendants, holding that the mortgage securing the two notes aggregating $5,000 was a valid and subsisting obligation, given for a good and valuable consideration, and was a lien upon the five-sixths interest of the plaintiffs other than the minor, and dismissed plaintiffs' complaint on the merits. From the judgment and an order denying a new trial, plaintiffs appeal.

It was the understanding of all parties who had any understanding about the matter at all, at the time of this transaction, that the notes were taken merely as a temporary expedient pending the procuring of the loan; the bank officers saying that the notes and mortgage were taken to protect them until the time for releasing the judgment and Brandon Savings Bank mortgage, and the mortgage securing the two notes was not to be recorded during that time, and was to be canceled and returned when the $5,000 was paid. The women plaintiffs seem to have had little knowledge of what was being done, but simply signed where they were told. The men plaintiffs all testified that they did not know that they

signed any mortgage, but supposed they signed only the two notes and two loan applications. The bank officers say that it was plainly stated that they were signing a mortgage, but in the view we take of the case this conflict is of no consequence. We shall treat the case on the basis of the testimony of the bank officers alone.

 Both bank officers testify in substance that these notes and mortgage were taken "as a protection" while they were getting the loan through. Hetland says that, after he learned the loan was not going through, he canceled on the books of the bank the record of the notes which had been placed in judgment, and that he considered that a consideration for the $3,000 note and mortgage securing it, given by plaintiffs. At another place he says:

"The consideration for the $3,000 note was the cancellation on the books of the bank of those notes for which I already had judgment, and the postponement of those proceedings."

The notes on which he had judgment were merged in the judgment. and had lost all validity (34 C. J. 752, § 1163), and canceling the record of those notes on the books of the bank was certainly giving no consideration. As to the postponement of the proceedings, this same witness testifies that Kepple called him by phone and suggested the conference with plaintiffs, and said that in the meantime he would suggest that the proceedings be postponed; that Hetland then called his attorney, Stordahl, and wanted several days' postponement for an opportunity to complete the arrangements for a settlement. This postponement and the subsequent abandonment of the supplementary proceedings, at his own desire, clearly constituted no consideration for strangers to the proceedings giving him notes secured by real estate mortgage for $5,000. We find no consideration whatever for this note.

 Regarding the $2,000 note, Kepple's testimony exhibits some perplexity on his own part as to what he took for it. At one place he says the mortgage securing it was to be satisfied as soon as they got the loan through. At another place he testified that he took it as additional security, to make plaintiffs stick to their agreement to get a loan, and at another place, being asked whether he took it as additional security, or in place of the $4,000 mortgage he already had, he said:

"I won't take it as 'additional.' I will figure it was to take the place of the other one."

And, being asked why he did not release the $4,000 mortgage, he said he had now got two mortgages; that he told the Torkelsons he was taking their mortgage in place of Olaf's $4,000 mortgage, but that as soon as he got it he made up his mind that he would hold them both. At still another place he said:

"I don't figure that we paid anything for the $2,000 note. * * * I didn't release any security I already had against Olaf when I took that note. We still have that note and mortgage on the one-sixth interest."

It is clear that no consideration was given for either of the two notes or the mortgage securing them, and the court's finding to that effect is contrary to all the evidence in the case.

■ Respondents' attempt to sustain the judgment of the trial court by the contention that they accepted the new notes and mortgage, and that this was an extinguishment of the original obligations of Olaf Torkelson under the $4,000 mortgage and the judgment of the Minnehaha County Bank, and constituted an accord and satisfaction. But this contention is devitalized by the testimony already referred to. Hetland testifies that his bank is still holding the judgment against Olaf, and Kepple testifies that Brandon Savings Bank is still holding Olaf's $4,000 note and mortgage.

There was no agreement to accept the new notes and mortgage in extinction of the old obligations; there is therefore no accord and satisfaction. Findings should have been in favor of plaintiffs, and judgment should have been entered, canceling the two notes for $2,000 and $3,000, respectively, and the mortgage given by plaintiffs on the SE¼ 1-101-48, securing these notes.

The judgment and order appealed from are reversed, and the cause remanded, for further proceedings in harmony with this opinion.

BURCH, P. J., and POLLEY, SHERWOOD, and CAMPBELL, JJ., concur.